IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEREMI BLAKE                                                                                    PLAINTIFF

v.                                              Civil No. 4:16-cv-4078

WARDEN MOORE; LIEUTENANT
GOLDEN ADAMS; and STEVEN KING                                               DEFENDANTS

## ORDER

Plaintiff Jeremi Blake filed this 42 U.S.C. § 1983 action *pro se* on August 15, 2016. (ECF No. 1). On June 21, 2017, Plaintiff filed an Amended Complaint. (ECF No. 19). Before the Court is Plaintiff's failure to obey two orders of the Court.

On February 8, 2018, Defendant Steven King filed a Motion for Summary Judgment. (ECF No. 33). The following day, the Court entered an order directing Plaintiff to file a Response to Defendant King's motion on or before March 2, 2018. (ECF No. 36). Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). This order was not returned as undeliverable.

On February 12, 2018, Defendants Golden Adams and Warden Moore filed a Motion for Summary Judgment. (ECF No. 37). On February 13, 2018, the Court entered an order directing Plaintiff to file a Response to Defendants Adams and Moore's motion on or before March 6, 2018. (ECF No. 40). Once again, Plaintiff was advised in the order that failure to respond by the Court's imposed deadline would subject this case to dismissal. This order was not returned as undeliverable.

On March 5, 2018, Plaintiff filed a motion for extension of time to respond to the motions for summary judgment. (ECF No. 41). The Court granted Plaintiff's motion, giving him until

April 3, 2018, to file responses to Defendants' motions. (ECF No. 42). Plaintiff was again advised that failure to respond by the Court's imposed deadline would result in this case being dismissed for failure to obey a court order. This order was not returned as undeliverable.

On April 6, 2018, Plaintiff filed a second motion for extension of time to respond to the motions for summary judgment. (ECF No. 45). On April 10, 2018, the Court granted Plaintiff's request, giving him until May 3, 2018, to file his responses to the motions for summary judgment. (ECF No. 46). This order was not returned as undeliverable. To date, Plaintiff has not responded to Defendants' motions for summary judgment.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Even after the Court granted Plaintiff two extensions of time, Plaintiff has failed to obey two orders of the Court directing him to respond to two motions for summary judgment. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 19) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge